# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HENRY CULLINS,

      Petitioner, :       Case No. 3:08-cv-026

          :       District Judge Walter Herbert Rice
  -vs-       Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

          :

      Respondent.

---

## DECISION AND ORDER GRANTING MOTION FOR STAY OF PROCEEDINGS

---

This habeas corpus case is before the Court on Petitioner's Motion to Stay Habeas Proceedings Pending Exhaustion of State Court Remedies (Doc. No. 9)

The United States Supreme Court recently found that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a

-1-

>district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner previously sought a stay so that he could present his claims under *State v. Colon*,118 Ohio St. 3d 26, 885 N.E. 2d 917 (2008).  In that case, the Ohio Supreme Court held that omission of an essential element from an indictment is a structural error, not subject to harmless error analysis.  *Colon* did not create a new procedure for challenging final convictions, nor did it state that its holding was to be applied retroactively.  The Magistrate Judge denied the stay without prejudice to its renewal upon a showing of what remedy Petitioner intended to pursue and what argument he intended to make under *Colon.*

Petitioner now indicates that he intends to file a motion to withdraw his guilty plea under Ohio R. Crim. P. 32.1 because the indictment in his case does not charge an offense.  Ohio law places no absolute time limit on such motions, so it might be entertained by the Common Pleas Court.  However, he has not indicated what defect he alleges in the Indictment.  Count One alleges he knowingly caused or attempted to cause physical harm to another persons by means of a deadly weapon; it contains all the elements required by Ohio Revised Code § 2903.11(A)(2).  Count Two alleges that, in attempting or committing a theft offense as defined in Ohio Revised Code § 2913.01(K) or in fleeing immediately after the attempt or offense, he had a deadly weapon on or

about his person or under his control and displayed, brandished, indicated possession of, or used the weapon in violation of Ohio Revised Code § 2911.01(A)(1); that Count also contains all the elements required by the statute. In *Colon*, the Ohio Supreme Court found a robbery indictment defective for failure to charge the required mental state of recklessness. While it is not directly in point and Petitioner has cited no law to this Court indicating what the required mental state in Ohio law is for a violation of Ohio Revised Code § 2911.01(A)(1), it may be that the Ohio courts will extend the holding in Colon to aggravated robbery as charged under § 2911.01(A)(1).

Thus Petitioner's claim is not plainly meritless under Ohio law and there is a vehicle in which he can present it to the Ohio courts. Because Colon is a recent Ohio Supreme Court decision, it appears Petitioner has good cause to his delay in presenting it to the Ohio courts. Finally, the Court finds no dilatory litigation tactic involved here. Indeed, unlike the situation in capital habeas corpus cases where the petitioner has a motive to delay, the non-capital habeas petitioner has every motive to press his case as fast as the courts will here it because every day it is not heard is one more day which he spends in custody.

It is correct, as Respondent notes, that the claim Petitioner now seeks to make in the Ohio courts is not presently pled in this case and therefore the Petition is not a combination of exhausted and unexhausted claims. However, Respondent does not assert that any attempt by Petitioner to amend to add his defective indictment claim would be barred by the statute of limitations or otherwise procedurally improper.

It is accordingly ordered that these proceedings be stayed pending the outcome of Petitioner's motion to withdraw his guilty plea in the Montgomery County Common Pleas Court. Petitioner must

1. File that motion in the Common Pleas Court not later than August 1, 2008;

2. Keep this Court currently advised of what happens in the Common Pleas Court; and

3. Move, not later than August 1, 2008, to amend his Petition to add this new claim.

July 3, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge